SUCCESSION OF SURO, PLAINTIFFS AND APPELLANTS, *v.* SUCCESSION OF PRADO ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1, in an Action for a Decree for the Non-existence of a Mortgage Contract, etc.

No. 1022.—Decided July 29, 1914.

PRESCRIPTION—ACTION TO ANNUL CONTRACT.—According to section 1267 of the Civil Code the prescription of four years of an action of nullity of contracts as provided for in section 1268 of the said code is applicable only to contracts having the requisites mentioned in section 1228 whenever they contain any of the defects which invalidate them according to law, which requisites are the consent of the contracting parties, a definite object which is the subject-matter of the contract and a valuable consideration stated.

DEMURRER.—In ruling on any kind of demurrer the facts must be accepted as set up in the complaint and deduced from the allegations, without deviating from their literal meaning.

PATRIA POTESTAS.—Pursuant to the *Partida* Laws in force in Porto Rico in the year 1869 the mother had no *patria potestas* over her minor children, the same being vested in the father only according to Laws II and III, Title XVII, *Partida* 4.

PRESCRIPTION—ACTION TO ANNUL CONTRACT—PATRIA POTESTAS.—An action to annul a deed of acknowledgment and mortgage executed in Porto Rico on November 29, 1879, wherein one of the contracting parties acts as mother with *patria potestas* over her minor children, does not prescribe within the period of four years provided for by section 1268 of the Revised Civil Code.

ID.—ACTION TO ANNUL FORECLOSURE PROCEEDINGS.—Nor does an action to annul foreclosure proceedings on the ground that the plaintiffs were not summoned prescribe within four years notwithstanding the fact that the said action does not come within the provisions of section 1477 of the old Law of Civil Procedure.

ID.—EJECTMENT.—The defendants having entered into possession of the properties in litigation in the years 1887 and 1888 and this being an action to recover a part ownership therein, the period of 30 years prescribed by section 1864 of the Revised Civil Code for the prescription of real actions has not yet elapsed.

ID.—FRAUD—POSSESSION BY PRESCRIPTION.—When fraud and bad faith of the defendants in acquiring possession are alleged in the complaint the necessary term for acquiring ownership by prescription is 30 years, which time has not yet elapsed.

The facts are stated in the opinion.

Messrs. *Juan Hernández López, Enrique Rincón, Rafael López Landrón* and *H. H. Scoville* for the appellants.

Messrs. *Alvarez Nava & Dominguez* for the respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In the month of March of the year 1913 the Succession of Juan Suro brought an action in the District Court of San Juan, Section 1, against the Successions of Encarnación Prado, Alonso del Río, and Joaquina Juliá, praying that judgment be rendered decreeing the nullity *per se* or the non-existence of a deed acknowledging a debt and creating a mortgage executed by Encarnación Prado in favor of Joaquina Juliá on November 29, 1879, before Notary Demetrio Jiménez y Moreno, in so far as it may affect the rights of the plaintiff succession; that the decree of nullity prayed for be extended to the proceedings for the collection of said mortgage credit including the adjudication of the mortgaged property to Joaquina Juliá, its record in the Registry of Property of Arecibo and the sale of the said property by Joaquina Juliá to Alonso del Río; that the court order a division of the community interests held in the said property by the Succession of Alonso del Río with the plaintiff succession and delivery by the Succession of Alonso del Río to the latter of the part belonging to it; that the defendants be adjudged to pay to the plaintiffs the sum of $200,000 as the estimated profits from its said interest in the common property, together with the costs, expenses, and disbursements, including a fee of $5,000 for the professional services rendered by the plaintiff's attorney.

The facts alleged in the complaint to support the judgment prayed for are as follows:

*First.* Juan Suro, plaintiff's ancestor, was married to Encarnación Prado and died intestate about the year 1870.

*Second.* During the wedlock of Juan Suro and Encarnación Prado, Gabriel and Joaquín Suro were born to them and are their sole and universal heirs. Joaquín died about the year 1911 leaving his wife, Antonia Monserrat, and his daughter, Pilar Suro Monserrat, as his instituted heirs and they, together with Gabriel Suro, are the plaintiffs herein.

*Third.* Encarnación Prado died about the year 1911, leaving as her heirs, in addition to the plaintiffs, her son, Alfonso Prado, known as Alfonso Suro, as known heir, and John Doe and Richard Roe as unknown heirs. These last two names are fictitious and the plaintiffs promise to substitute the true names therefor should they appear.

*Fourth.* The Succession of Alonso del Río is composed of his widow, Hortensia de León; his minor children, María and Juan del Río, represented by their mother with *patria potestas;* his adult children, José, Josefa Belén, and Maximina del Río León, and Margarita and Rosa del Río y Buscal and Angel de Angel, as heirs of Carmen del Río y León.

*Fifth.* Joaquina Juliá having died and her heirs being unknown, they are designated by the fictitious names of John Doe and Richard Roe.

*Sixth.* Juan Suro, plaintiff's ancestor, was the owner in fee simple, with titles recorded in the Registry of Property of Arecibo, of two rural properties—one in the ward of San Lorenzo, municipal district of Morovis, composed of 469 *cuerdas,* and another of 600 *cuerdas* in the ward of North Morovis, divided into two tracts of 500 and 100 *cuerdas*—which two properties of 469 and 600 *cuerdas* respectively are described in the complaint.

*Seventh.* At the suggestion of Alonso del Río, on·November 29, 1879, Encarnación Prado, wife of Juan Suro y Juliá, falsely representing herself to be the executrix and guardian

*ad litem* of Juan Suro Juliá (*sic*) and also as mother of the minor heirs of Juan Suro, but without first obtaining judicial authorization to encumber their property by reason of necessity and utility, appeared in her own right and in representation of the Succession of Juan Suro, together with Joaquina Juliá, before Notary Demetrio Jiménez y Moreno and acknowledged her indebtedness as such representative to Joaquina Juliá in the sum of $25,475.84, made up as follows: $8,675, owing by Juan Suro to Borrell, husband of Joaquina Juliá, secured by mortgage; $3,300, due from said Suro to Borrell as surety and principal debtor; $4,319.09, amount of an agricultural loan due from the plantation "María" to the firm of Barreras & Castillo; $5,133.93 for accrued interest, and $4,015.82 for further interest. In order to secure the payment to Joaquina Juliá of the said indebtedness, Encarnación Prado, representing herself to be the executrix and testamentary guardian *ad litem* of her deceased husband, Juan Suro Juliá (*sic*), and as mother with *patria potestas* over her minor children, without previously obtaining judicial authorization by reason of necessity and utility, mortgaged the properties referred to by the said deed of November 29, 1879, they being the only properties proceeding from the conjugal partnership of Encarnación Prado and Juan Suro Juliá.

*Eighth.* About the year 1887 or 1888, Joaquina Juliá instituted foreclosure proceedings against Encarnación Prado, widow of Suro, for the recovery of the acknowledged credit of $25,473.84, and with the exception of certain parcels of land alleged to have been sold for the payment of taxes the mortgaged property was adjudicated to Joaquina Juliá without summoning the heirs of Juan Suro Juliá or giving them an opportunity to be heard.

*Ninth.* Alonso del Río, who had been delegated by Joaquina Juliá to prosecute the foreclosure proceedings, took possession in her name of the two properties which had been adjudicated to her.

*Tenth.* In 1888 the properties adjudicated to Joaquina Juliá were sold by her to Alonso del Río, who took possession thereof, and his heirs are now in possession of the same.

*Eleventh.* The partition of the property belonging to the conjugal partnership of Juan Suro and Encarnación Prado was made in the very same year, 1879, when the mortgage was created, as was clearly shown in the registry of property, and Alonso del Río knew it, but, nevertheless, he prevailed upon Encarnación Prado by deceitful advice and machinations to execute the acknowledgment of the mortgage credit in favor of Joaquina Juliá with the intention of purchasing later the same properties for $6,000, which represented less than one-fourth of their value, by resorting to fraud and artifice and violating a contract. Moreover, the acknowledged credit was not owing to Joaquina Juliá, for the acknowledgment was made for the sole purpose of protecting Encarnación Prado against the action of certain creditors whose rights had been acknowledged by a contract.

*Twelfth.* The plaintiffs have not sold to Alonso del Río, to his succession, or to any person whatsoever, the interest belonging to them in the said properties which they inherited from Juan Suro.

*Thirteenth.* The estimated profits from half of the said properties during the 25 years which they have been unlawfully in the possession of Alonso del Río and his succession may fairly be stated at $200,000, of which sum the plaintiffs have been deprived.

*Fourteenth.* The steps taken by the plaintiffs to secure from Alonso del Río and his succession a partition of the community property in question as ganancial property of the conjugal partnership of Juan Suro and Encarnación Prado, half of which belongs to the plaintiffs by inheritance from their father, Juan Suro, have been fruitless.

The complaint concludes with the prayer that judgment be rendered containing the pronouncements already indicated.

The defendants, Succession of Alonso del Río, demurred to the complaint on the following grounds:

(*a*) That it did not state facts sufficient to constitute a cause of action;

(*b*) That it is uncertain;

(*c*) Misjoinder of causes of action;

(*d*) Prescription of the principal cause of action for nullity of the mortgage credit under the provisions of sections 1301 and 1963 of the Spanish Civil Code, which are identical to sections 1268 and 1864 of the Revised Civil Code, and consequently the prescription of the cause of action to annul the foreclosure proceedings.

After argument on the said demurrer the court rendered judgment on August 1, 1913, dismissing the complaint with the costs against the plaintiffs on the ground that the cause of action to annul the acknowledgment of the mortgage credit, and consequently all causes of action derived therefrom, had prescribed, without considering the other grounds of the demurrer. From that judgment the attorney for the plaintiffs appealed to this court.

As will be seen from an examination of the allegations and the prayer of the complaint, several causes of action are joined by the plaintiffs, namely: 1. The annulment of the public deed of acknowledgment of debt and mortgage executed by Encarnación Prado in favor of Joaquina Juliá on November 29, 1879; 2. The annulment of the foreclosure proceedings for the recovery of said mortgage credit, including the adjudication to Joaquina Juliá of the mortgaged property and the sale thereof by said Joaquina to Alonso del Río; 3. The partition of the interests held in the said community property by the Succession of Alonso del Río and the plaintiff succession and the delivery to the latter of the part belonging to it; 4. The payment by the defendants to the plaintiffs of an indemnity for the estimated mesne profits from the part belonging to them.

The third and fourth pronouncements prayed for are subordinate to the first two, for if the latter are not tenable for any legal reason, neither are the former. There cannot be a partition of the community interests and an indemnity for estimated mesne profits unless the nullity of the mortgage credit acknowledged by the deed of November 29, 1879, and the foreclosure proceedings prosecuted for the recovery thereof be decreed, for the partition of the common interests and the indemnity for the mesne profits of which the party plaintiff has been deprived are based upon such annulments.

We will consider, then, the ground of prescription of the demurrer pleaded exclusively in connection with the first two causes of action.

Prescription is alleged under sections 1301 and 1963 of the Spanish Civil Code, which are similar to sections 1268 and 1864 of the Revised Civil Code.

Section 1268 of the Revised Civil Code reads as follows:

"The action for nullity shall last four years.

"This term shall commence to run:

"In cases of intimidation or violence, from the day on which it has ceased;

"In those of error or deceit or falsity of consideration, from the date of the consummation of the contract;

"When the purpose of the action is to invalidate contracts made by a married woman, without consent or competent authority, from the date of the dissolution of the marriage;

"And when it refers to contracts executed by minors or incapacitated persons, from the date they were released from guardianship."

According to section 1267, the duration of the action of nullity referred to in the section quoted applies only to contracts having the requisites mentioned in section 1228 whenever they contain any of the defects which invalidate them according to law, which requisites are the consent of the contracting parties, a definite object which is the subject-matter of the contract, and a valuable consideration stated.

According to the seventh allegation of the complaint, Encarnación Prado executed the deed of acknowledgment of the mortgage credit on November 29, 1879, in her own right and in representation of the Succession of Suro as mother of the minor heirs of Suro with *patria potestas,* but it is not alleged that she represented them as their guardian or curatrix, for although it is stated once or twice in the said allegation that Encarnación Prado represented herself to be the guardian *ad litem* of her deceased husband, which we cannot understand inasmuch as, according to the first allegation of the complaint, Juan Suro died about the year 1870, it is not possible to construe such allegation in the sense that Encarnación represented herself to be the guardian *ad litem* of the minor children of Juan Suro. In ruling on any kind of demurrer we must accept the facts as they are set out in the complaint and deduced from the allegations without deviating from their literal meaning. Therefore, in deciding upon the vitality or prescription of the action for the annulment of the deed of November 29, 1879, we must consider it as a fact admitted by both parties that Encarnación Prado executed the deed in her own right and as representative of the minor children of Juan Suro, not as the guardian *ad litem,* but as their mother with *patria potestas* over them. This being the case and as according to the Law of *Partidas* in force at the date of the execution of the deed, the mother had no *patria potestas* over her minor children, this right pertaining exclusively to the father (Laws II and III, Title XVII, *Partida* 4), it follows as a logical consequence that the minor children of Juan Suro were not represented in the execution of the said deed nor took any part therein, hence they did not give their consent to the contract themselves or through a legal representative. Therefore, there was lacking the consent to the contract which should have been given by the legal representative of the minor children of Suro. It appears that no such representative existed inasmuch as their mother could not represent them because she was not their curatrix or guardian

and exercised no *patria potestas* over them, and for want of this requisite the action to annul the contract cannot be governed by the provisions of section 1268 of the Civil Code which, as we have said before, is applicable to contracts which contain all the requisites mentioned in section 1228. And our holding on this point is sustained by the last clause of section 1268 which provides that when the action refers to contracts executed by minors or incapacitated persons, the period of prescription shall begin to run from the date they were released from guardianship. It is not shown here that Encarnación Prado had guardianship over them, but even if the foregoing provision of law were construed broadly in the sense that the period of four years begins to run, in the case of minors or incapacitated persons, from the time they were released from the *patria potestas,* it would follow that in this case said period could not begin to run from the time the minor children were released from the *patria potestas* of their mother, because such *patria potestas* did not exist.

The fact that section 1268 of the Civil Code fixes the date on which the period of four years shall begin to run when consent is obtained by violence, intimidation, error, deceit, or falsity of consideration, and when the contract is made by a married woman without consent or competent authority or by minors or incapacitated persons, and fails to fix such date for a case of nullity like the present, clearly demonstrates that the term of four years provided in the said section is not applicable to the present action to annul a deed of acknowledgment of a mortgage credit. Hence the said section does not govern the action for nullity of the deed of acknowledgment of a mortgage credit made by Encarnación Prado in favor of Joaquina Suro, and therefore the lower court erred in applying the same.

Nor does the said section govern the action to annul the foreclosure proceedings to recover the said mortgage credit based on the fact that the minor children of Juan Suro were not heard in such proceedings.

We recognize that the said action is not the one established by article 1477 of the old Law of Civil Procedure which provides that judgments rendered in executory actions shall not give rise to the exceptions of *res judicata,* the parties reserving their rights to institute an ordinary action upon the same question, and that, therefore, the doctrine laid down by us in the case of *Lamb & Co., In Liquidation,* v. *Fantauzzi Hermanos, In Liquidation,* 17 P. R. R., 291, is not directly applicable.

The action referred to in section 1477 of the old Law of Civil Procedure was reserved to those who had been parties to the executory action, but as the plaintiffs allege that they were not summoned to appear in the proceedings instituted for the recovery of the mortgage credit acknowledged by Encarnación Prado, which is one of the grounds on which they base their action for the nullity of said proceedings, it follows that whatever may be the legal period for the prescription of that action, it cannot be the four years provided for by section 1268 of the Civil Code, as is shown by its text and borne out by the reasonings adduced to show the inapplicability of that same section to the action for the annulment of the deed of acknowledgment executed by Encarnación Prado in favor of Joaquina Juliá on November 29, 1879.

Section 1864, which has been cited also by the defendants in support of their demurrer on the ground of prescription, reads as follows:

"Real actions with regard to real property prescribe after thirty years.

"This provision is understood without prejudice to the prescriptions relating to the acquisition of ownership or of property rights by prescription."

Judging from the facts alleged in the complaint that the object of the plaintiffs is to recover an ownership interest in the two properties in controversy by means of an action

of ejectment, it does not appear that said action has prescribed by the lapse of the 30 years fixed by the first paragraph of the said section quoted, for, according to the eighth, ninth, and tenth allegations of the complaint, the possession of Joaquina Juliá and Alonso del Río could not have been acquired before the year 1887 or 1888, and between then and the month of March, 1913, when the complaint was filed, said period of time could not have elapsed.

Nor is the second paragraph of section 1864 applicable on the ground that the defendants acquired the exclusive ownership of the property in question by prescription. It is alleged that the possession was acquired by fraud or bad faith, and when the requisite of good faith is lacking, the period of prescription by which ownership may be acquired is not the ordinary one of 10 or 20 years, but the extraordinary period of 30 years, and this, as we have shown, has not elapsed. Therefore, the legal provisoins on which the defendants base the alleged prescription are inapplicable to the case.

As the other grounds of demurrer were not considered and ruled on by the lower court, we prefer that they be so considered and decided by it before they are submitted to us for examination and decision.

The judgment appealed from should be reversed and the case proceeded with in accordance with this opinion.

> *Judgment reversed and the case remanded for further procedure in accordance with this opinion.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.